1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              San Francisco Division

11   NATIONAL FOAM, INC.,                    Case No. 23-cv-03873-LB

12              Plaintiff,
                                             **ORDER DENYING MOTION TO**
13        v.                                 **REMAND**

14   ZURICH AMERICAN INSURANCE               Re: ECF No. 12
     COMPANY,
15
                Defendant.
16

17                                **INTRODUCTION**

18        In this insurance case, plaintiff National Foam sued defendant Zurich American Insurance

19   Company for breach of contract in state court. Zurich removed the case on August 2, 2023,

20   asserting diversity jurisdiction. The parties do not dispute that they are diverse or that the amount

21   in controversy exceeds $75,000. The plaintiff moves to remand on the ground that the defendant

22   did not timely remove the case within the thirty days required by 28 U.S.C. § 1446. The removal

23   was timely because it was within thirty days after service was accomplished on July 20, 2023. The

24   court denies the motion to remand.

25

26

27

28

United States District Court
Northern District of California

## STATEMENT

The plaintiff filed the complaint on May 31, 2023.[1] On June 8, 2023, the plaintiff's counsel emailed Zurich's counsel a cover letter explaining the nature of the case, attaching the complaint, and attaching the court filed-and-endorsed summons. He asked whether Zurich would accept service.[2] Zurich's lawyer forwarded the email to the plaintiff's coverage counsel, saying that he was surprised by the lawsuit and asked to talk about it.[3] On June 26, 2023, Zurich's counsel responded to the plaintiff's counsel: "I can confirm that Zurich agrees to accept service of the complaint as of today, June 26." The plaintiff's counsel did not respond. On July 6, 2023, Zurich's counsel wrote again: "Is there a form you wanted us to fill out to accept service?" The plaintiff's counsel responded, thanking him for the email and follow-up, saying that it would send a notice and acknowledgment, and asking him to sign it and send it back. Zurich's counsel signed it on July 20, 2023.[4] The plaintiff filed it the next day.[5] On August 2, 2023, the defendant removed the case to federal court.[6]

All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[7]

## REMOVAL JURISDICTION

A defendant may remove a case to federal court if the plaintiff could have filed the case here, meaning, if the court has federal question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because district courts are courts of limited jurisdiction, courts construe the removal statute strictly and reject federal jurisdiction if there is any doubt as to the right of removal. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Corral v.*

---

[1] Compl., Ex. B to Notice of Removal – ECF No. 3-2 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Williams Decl. – ECF No. 12-1 at 1–2 (¶¶ 1–2); Email, Ex. A to *id.* – ECF No. 12-1 at 4, 6.

[3] Clayton Decl. – ECF No. 12-2 at 1–2 (¶¶ 2–3); Email, Ex. A to *id.* – ECF No. 12-2 at 4.

[4] Williams Decl. – ECF No. 12-1 at 2 (¶¶ 3–4); Email, Ex. C to *id.* – ECF No. 12-1 at 27–29.

[5] Proof of Serv., Ex. 1 to Opp'n – ECF No. 14-1.

[6] Notice of Removal – ECF No. 3.

[7] Consents – ECF Nos. 7, 11.

*Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "the court resolves all ambiguity in favor of remand." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The removing party has the burden of establishing the court's jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). That burden must be carried by a preponderance of the evidence. *See, e.g.*, *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

The issue here is timeliness of removal.

28 U.S.C. § 1446 sets forth the statutory procedures that a defendant must follow to remove an action to federal court. Under those procedures, which also are to be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), the notice of removal containing a short and plain statement of the grounds for removal, 28 U.S.C. § 1446(a), "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter," 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (the 30-day deadline to remove set forth in § 1446(b) is "triggered by" service of the summons and complaint and not by earlier "receipt of the complaint unattended by any formal service").

Remand to state court may be ordered, upon the timely filing of a motion to remand, for any defect in removal procedure. 28 U.S.C. § 1447(c). A motion to remand based on any defect other than subject-matter jurisdiction must be made within thirty days after the filing of the notice of removal. *Id.*

## ANALYSIS

The plaintiff contends that service was effective on June 26, 2023, when Zurich's counsel said that Zurich would accept service.[8] Zurich counters that service was effective on July 20, 2023,

---

[8] Mot. – ECF No. 12 at 9–10.

United States District Court
Northern District of California

1  when it returned the notice and acknowledgement of service.[9] Service was effective on July 20,

2  2023. The August 2 removal was timely.

3       The thirty-day period for filing a notice of removal begins to run only after formal service is

4  made. In *Murphy Bros.*, the Supreme Court explained that under 28 U.S.C. § 1446(b), "[a]n

5  individual or entity named as a defendant is not obliged to engage in litigation unless notified of

6  the action, and brought under a court's authority, by formal process." 526 U.S. at 347.

7  Accordingly, the Court held "that a named defendant's time to remove is triggered by

8  simultaneous service of the summons and complaint, or receipt of the complaint, 'through service

9  or otherwise,' after and apart from service of the summons, but not by mere receipt of the

10  complaint unattended by any formal service." *Id.* at 347–48; *see Quality Loan Serv. Corp. v.*

11  *24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132–33 (9th Cir. 2011) (under

12  *Murphy Bros.*, "actual notice of the action is insufficient"; rather, the removal clock does not start

13  ticking until formal service is made); *see also* William W. Schwarzer, et al., Fed. Civ. Proc.

14  Before Trial ¶¶ 2.896–97 (The Rutter Grp. 2014) (removal period is triggered by formal service of

15  process, which is determined by state law); 16–107 James Wm. Moore, et al., Moore's Fed. Prac.

16  – Civ. § 107.11 (3d ed.) ("Based on 28 U.S.C. § 1446(b), which states that the removal notice

17  'shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of

18  a copy of the initial pleading,' it could be argued that an *improperly* served defendant, or one who

19  merely received a copy of the complaint, is required to join the notice of removal. However, the

20  Supreme Court's decision in [*Murphy Bros.*] effectively overruled that argument.") (footnotes

21  omitted).

22       Here, Zurich was not served formally under California law until its counsel executed the notice

23  and acknowledgment on July 20, 2023. Cal. Code Civ. Proc. § 415.30(c) (service by mail is

24  complete on the date the notice form is executed, provided that it is returned to the sender); Cal.

25  Code Civ. Proc. § 415.10 (personal service is deemed complete at the time of delivery); *Star*

26  *Varga v. United Airlines*, No. 09–02278 SI, 2009 WL 2246208, at *3 (N.D. Cal. July 24, 2009)

27

28  ───────────────
   [9] Opp'n – ECF No. 14 at 5.

(removal period started upon the execution of the notice and acknowledgment of receipt, even though the defendant's agent received a copy of the summons and complaint more than two weeks earlier); *Madren v. Belden, Inc.*, No. 12-CV-01706-RMW, 2012 WL 2572040, at *2–3 (N.D. Cal. July 2, 2012) (requiring formal service because mailing of summons and complaint is insufficient to trigger removal period) (collecting cases). The notice of removal was timely filed on August 2, 2023, well within the thirty-day period.

The plaintiff nonetheless argues that Zurich's counsel's June 26 email agreeing to accept service shows actual notice by email and thus makes service effective as of that date.[10] But most cases addressing service by email involve the court's authorization of service by email where the ordinary methods of service — such as personal service — have been tried and are ineffective. *See, e.g., Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018) (courts construe Cal. Civ. Proc. Code § 413.30 to authorize service by email where "email service is reasonably calculated to give actual notice to the party to be served, particularly where there is evidence that the defendant is evading service") (cleaned up) (analyzing cases).

The plaintiff cites *Bathija v. Vivint Wireless, Inc.* to support its argument that the service here was actual, effective notice.[11] But *Bathija* is a narrow case where the parties essentially agreed that service of process by email was acceptable. No. 5:18-cv-04389-EJD, 2018 WL 5906546, at *3–4 (Nov. 9, 2018) ("For this case and under these *particular circumstances*," the email was actual notice because the attorneys had routine communications over email before the first service, had already agreed that service by email could be accomplished for another related action, "and ultimately engaged in a 'second service' by email"). That is not the case here: the week after Zurich agreed to service, its counsel prompted the plaintiff's counsel to prompt him to send the written acknowledgment. The plaintiff's counsel sent it with thanks for the reminder and with a request to send it back. Zurich's counsel did so.[12] This at minimum illustrates how the parties'

---

[10] Mot. – ECF No. 12 at 9–10.

[11] *Id.*

[12] Opp'n – ECF No. 14 at 9–10; *see supra* Statement.

United States District Court
Northern District of California

dealings here are different than those in *Bathija*. It also may, as Zurich argues, estop the plaintiff from arguing that removal was untimely.[13] In any event, even without resorting to estoppel, service was effective only on July 20, 2023.

## CONCLUSION

The court denies the motion to remand. This resolves ECF No. 12.

**IT IS SO ORDERED.**

Dated: October 30, 2023

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[13] Opp'n – ECF No. 14 at 9–10.